**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 2:14-cr-35

**ISAAC TYLER WAUGH,**
        **Defendant.**

**OPINION/REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Isaac Tyler Waugh, in person and by counsel, L. Richard Walker, appeared before me on March 20, 2015. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant intended to plead guilty to the two-count Indictment, and that there was no plea agreement between Defendant and the Government. The undersigned then reviewed the Indictment with Defendant, including the elements the Government would have to prove regarding the two charges against him of distribution of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges against him contained in the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood that, for each count, the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty was a term of imprisonment of not more than twenty (20) years;

a fine of $1,000,000.00, or both fine and imprisonment; a term of at least three (3) years of supervised release; and a mandatory assessment of $100.00. Defendant further understood that the District Judge could order that his sentences be served consecutively. Defendant further understood that Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The Court thereafter inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Isaac Tyler Waugh, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court then inquired of Defendant regarding his understanding of his rights of appeal as follows:

Ct: Do you understand that you or the Government may appeal your conviction and sentence that the District Judge imposes by filing an appeal to the Fourth Circuit Court of Appeals under 18 U.S.C. § 3742 within 14 days of sentencing?

Def. Yes, sir.

Ct. Do you understand also that you may file a writ of habeas corpus-type motion under 28 U.S.C. § 2255 collaterally attacking or challenging the sentence, how it was calculated, and how it's being carried out?

Def. Yes, sir.

The undersigned Magistrate Judge further determined that Defendant understood, with respect to Defendant's entry of a plea of guilty to the felony charges contained in the two-count Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged in Counts One and Two of the Indictment.

Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation contained within the pre-sentence report.

The Court then inquired and determined Defendant understood that neither he nor his counsel could be absolutely certain what his term of imprisonment would be, except that it would be within the statutory maximum. Defendant further understood that even if the District Judge sentenced him to a sentence higher than he expected within the statutory maximum sentence he would not be permitted to withdraw his guilty plea.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Government provided a proffer to establish an independent basis in fact for Defendant's pleas. As to Count One, the Government proffered that on May 16, 2014, a confidential informant ("CI") working with the Lewis County Sheriff's Department told Deputy Carpenter that the CI could

buy Percocet pills from Defendant. Deputy Carpenter met with the CI and provided an audio recorder and $75.00. The CI then met with Defendant in a location in Lewis County, West Virginia, within the Northern District of West Virginia. Defendant sold the CI one 30 mg Percocet pill, which contained oxycodone. The CI then provided Deputy Carpenter with the pill and $25.00, which was change from the buy, as the pill cost $50.00.

As to Count Two, the Government proffered that on May 19, 2014, the same CI told Deputy Carpenter that the CI could purchase oxycodone from Defendant. Officers provided the CI with an audio recorder and $130.00. The CI then met with Defendant in a location in Lewis County, West Virginia, within the Northern District of West Virginia. Defendant arrived at the location in a Pontiac driven by a female. The CI walked over to the passenger side of the Pontiac, where Defendant sold him oxycodone. The CI then went back to the CI's vehicle and said, over the audio recorder, that the deal was complete. Officers arrived and directed the female and Defendant to exit the vehicle. Upon searching the Pontiac, officers located a strip of tinfoil, a roll of Reynolds' wrap, and a tube with black residue. They also located $130.00; the serial numbers on the bills matched those of the bills used for the buy. Subsequently, the CI provided two (2) oxycodone pills to Deputy Carpenter.

Defendant stated he heard, understood, and agreed with the Government's proffer. Nevertheless, the undersigned finds the offenses charged in the two-count Indictment is supported by an independent basis in fact concerning each of the essential elements of the offenses. This conclusion is supported by the Government's proffer.

Thereupon, Defendant, Isasc Tyler Waugh, with the consent of his counsel, L. Richard Walker, proceeded to enter verbal pleas of **GUILTY** to the felony charges contained in the two-count Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering informed pleas; Defendant is aware of and understood his right to have an Article III Judge hear and accept his pleas and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his pleas; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty to the two-count Indictment; Defendant made knowing and voluntary pleas of guilty to the two-count Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's pleas of guilty to the two-count Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant, having waived anti-shuttling provisions, is remanded to the custody of the State of West Virginia pending further proceedings in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such

report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 20th day of March, 2015.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE